NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIALLO E. UHURU,

    Petitioner - Appellant,

    v.

EDMUND G. BROWN, Jr.; JOHN
MARSHALL, Warden,

    Respondents - Appellees.

No. 09-56722

D.C. No. 3:08-cv-02424-IEG-AJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted February 8, 2011[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, HAWKINS and FISHER, Circuit Judges.

Diallo E. Uhuru appeals from the dismissal of his 28 U.S.C. § 2254 habeas

petition challenging his 2000 conviction for second degree murder. The district

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court dismissed his petition as untimely, finding that Uhuru was not entitled to equitable tolling for sufficient duration to render his petition timely. We affirm.

We decline the state's suggestion to review the adequacy of the certificate of appealability (COA) issued by the district court because we "are not required to examine allegedly defective COAs in the face of jurisdictional challenges." *Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir. 2004).

The district court properly concluded that Uhuru was not entitled to equitable tolling for sufficient duration to make his petition timely. The court carefully reviewed Uhuru's medical records and determined those periods of time for which Uhuru was and was not entitled to equitable tolling. *See Bills v. Clark*, --- F.3d ----, 2010 WL 4968692, at *7 (9th Cir. Dec. 8, 2010) (setting out the legal standard for establishing equitable tolling on account of mental illness). The records cited by Uhuru do not undermine the district court's findings.

**AFFIRMED.**

2